IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL EUGENE GILLY, AP-2282, )
    Petitioner, )
     )
    v. ) 2:11-cv-1203
     )
WASHINGTON COUNTY COURT OF )
COMMON PLEAS, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Paul Eugene Gilly for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Paul Eugene Gilly, and inmate at the Contract Jail Albion has presented a petition for a writ of habeas corpus.[1]

> On March 2, 1972, Gilly was found guilty on each of three counts of first degree murder and the jury fixed the penalty at death on each count. Post-trial motions were denied on September 29, 1972 and Gilly was later sentenced on September 3, 1976 to three concurrent life sentences. No direct appeal was taken from the judgment of sentence.[2]

This sentence was entered at Docket No. 153, a,b,c, January Term, 1970 in the Court of Common Pleas of Washington County, Pennsylvania.

In support of the present petition, Gilly alleges:

---

[1] It is not clear what it is that Gilly is filing here. We note that his petition in headed "In the Supreme Court of Pennsylvania – Western District" and is captioned "Petition for Writ of Mandamus – Habeas Corpus and /or Extraordinary Relief" which is apparently the same label of a petition filed in the Pennsylvania Supreme Court at Docket No. 41 WM 2011.

[2] See: May 13, 1987 Opinion and Order of the Court of Common Pleas of Washington County which is appended to the petition. Additionally, as the trial court noted in that Opinion, the imposition of the life sentences was made in light of Gilly's cooperation and the decision in Furman v. Georgia, 408 U.S. 238 (1972).

1

Under Pennsylvania law a sentence is excessive if it deviates from guidelines or exceeds maximum statutory penalty: Pa.Code Section 303.1(b) and as result when the court in accord with the government departed from the guidelines, the court's discretion is limited (only) by the statutory maximum provided for under 18 Pa.C.S. §1103 (1) which states said maximum for felony of the first degree sentence is twenty (20) years.

Therefore, it was agreed upon by all parties that the maximum period of confinement for the sentence imposed would not exceed (20) years, constituting a binding agreement enforceable at law in this proceeding pursuant to the previous confirmation of sentence by P.J. Gladden May 13, 1987 and Pa. Superior Court thereafter.[3]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental

---

[3] See: Petition at p.4. Judge Gladden in his May 13, 1987 confirmed only that the sentences to be imposed were to be served concurrently.

2

miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

In the instant case, while it cannot be readily determined what challenges to his sentence Gilly has raised in the state courts, as recently as July 27, 2011, the Pennsylvania Supreme Court

3

referred to a petition for writ of mandamus – habeas corpus and/or extraordinary relief, which it was treating as an application for leave to file original process.[4]

While in all likelihood Gilly is still challenging his conviction the in state courts, it is also clear that his conviction became final on October 3, 1976 when the time in which to appeal his sentence expired.[5] Thus, the instant petition, filed almost thirty-five years later is in all likelihood time barred. 28 U.S.C. 2244(d)(1).

However, even if the exhaustion and timeliness issues are ignored, the petition here is still subject to dismissal on the merits ("an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. 2254(b)(2)).

The gravamen of Gilly's complaint is that the three concurrent sentences which were imposed should not have exceeded the statutory maximum sentence of twenty years which Pennsylvania provides as the punishment for a first degree felony, 18 Pa.C.S.1103(1).[6] The petitioner was convicted of three counts of first degree murder.[7] As the trial court noted, the sentencing was not imposed pursuant to any plea agreement.[8] Under the Pennsylvania sentencing scheme in effect at the time Gilly was sentenced and even today, first and second degree convictions are not classified in the general felony sentencing provisions, and prior to the 1974 amendments, "Sentence for murder of the first degree … shall be … death or to a term of life imprisonment."18 Pa.C.S.A.1102. As a matter of state law, the imposed sentence is not subject to challenge here unless it exceeds the statutory maximum. Laboy v. Carroll, 437 F.Supp.2d 260 (D.Del.2006). Thus, his claim that an excessive sentence was imposed is meritless.

Because it appears that the instant petition is time barred; the petitioner has not exhausted the available state courts remedies, and his allegation is meritless, it is recommended that the petition of Paul Eugene Gilly for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

---

[4] See: July 27, 2011 letter appended to the petition and Supreme Court of Pennsylvania Docket 41 WM 2011.
[5] See: Pa.R.App.P. 903(a).
[6] The latter provides that "a person who has been convicted of a felony may be sentenced to imprisonment as follows: in the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years."
[7] See: May 13, 1987 Opinion of the trial court at p.15.
[8] See: Id. at p.30.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

|  | Respectfully submitted,<br>s/ Robert C. Mitchell |
|---|---|
| Filed: November 3, 2011 | United States Magistrate Judge |