IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL EUGENE GILLY, )
    Petitioner, )
     )
    v. ) Civil Action No. 11-1203
     )
WASHINGTON COUNTY COURT OF )
  COMMON PLEAS, et al., )
    Respondents. )

MEMORANDUM ORDER

On September 19, 2011, the petitioner Paul Eugene Gilly ("petitioner" or "Gilly"), submitted a "petition for writ of mandamus – habeas corpus and/or extraordinary relief" (the "petition"). The petition was filed on October 20, 2011, when the petitioner paid the filing fee. On November 3, 2011, a Report and Recommendation ("R&R") was issued by the United States Magistrate Judge, in which it was recommended that Gilly's petition for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied, because reasonable jurists could not conclude that a basis for appeal exists.

As set forth in the R&R, on March 2, 1972, Gilly was found guilty on three counts of first degree murder, for which the jury fixed the penalty at death on each count. On September 29, 1972, post-trial motions were denied. On September 3, 1976, Gilly was sentenced to three concurrent life sentences. No direct appeal was taken from the judgment of sentence.[1]

---

[1] See, May 13, 1987 Opinion and Order of the Court of Common Pleas of Washington County which is appended to the petition submitted on September 19, 2011. In that Opinion, the trial court noted that the imposition of Gilly's

In the R&R, it was explained that Gilly still appears to be challenging his conviction in the state courts, because as recently as July 27, 2011, the Pennsylvania Supreme Court referred to a "petition for writ of mandamus – habeas corpus and/or extraordinary relief", which it was treating as an application for leave to file original process.[2] Clearly, Gilly's conviction became final on October 3, 1976, when the time in which to appeal his sentence expired. See Pa.R.App.P. 903(a). Thus, Gilly filed his petition almost thirty-five years after his conviction became final, such that it is likely time-barred. See 28 U.S.C. § 2244(d)(1).

It was also determined in the R&R that notwithstanding Gilly's apparent failure to exhaust state court remedies or timely file his petition, the petition is subject to dismissal on the merits. As explained in the R&R:

> The gravamen of Gilly's complaint is that the three concurrent sentences which were imposed should not have exceeded the statutory maximum sentence of twenty years which Pennsylvania provides as the punishment for a first degree felony, 18 Pa.C.S. § 1103(1). The petitioner was convicted of three counts of first degree murder. As the trial court noted, the sentencing was not imposed pursuant to any plea agreement. Under the Pennsylvania sentencing scheme in effect at the time Gilly was sentenced and even today, first and second degree convictions are not classified in the general felony sentencing provisions, and prior to the 1974 amendments, 'Sentences for murder of the first degree … shall be… death or to a term of life imprisonment.' 18 Pa.C.S.A. § 1102. … Thus, [Gilly's] claim that an excessive sentence was imposed is meritless.[3]

The petitioner was given an opportunity to file written objections to the R&R, and on November 16, 2011, he filed objections. In his objections, the petitioner does not argue that the R&R erred in concluding that his petition was time barred, or that he failed to exhaust state court

---

life sentences was made due to his cooperation with the Commonwealth and in light of the decision in Furman v. Georgia, 408 U.S. 238 (1972).

[2] See July 27, 2011 letter appended to the petition, as well as Supreme Court of Pennsylvania Docket 41 WM 2011. The aforesaid writ was denied on November 3, 2011.

[3] R&R at 4.

remedies; rather, the crux of Gilly's objections is that in exchange for his aforesaid cooperation with the Commonwealth, there was a plea agreement or "sentence bargain" made by special prosecutor Mr. Sprague to reduce his sentence to 7 to 9 years which was not enforced.

There is nothing in the record to support Gilly's claim of a plea agreement. The May 13, 1987 Opinion and Order of the Court of Common Pleas of Washington County, portions of which Gilly attaches as an exhibit to his objections, concludes that there was no plea agreement. Indeed the trial court stated that "Mr. Sprague categorically denied that he made any promises to Gilly." (ECF No. 8-1 at 1 (May 13, 1987 Opinion and Order at 27).)

Having independently reviewed the pleadings, the petitioner's objections, and the R&R, which is adopted as the opinion of this Court,

IT IS ORDERED that the petition of Paul Eugene Gilly for a writ of habeas corpus is dismissed, and that a certificate of appealability is denied, because reasonable jurists could not conclude that a basis for appeal exists.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Dated: December 9, 2011      /s/Joy Flowers Conti
                             Joy Flowers Conti
                             United States District Judge